DAN v. STREET RAILROAD CO.

(*Jackson.*    May 15, 1897.)

NEGLIGENCE.    *Of parent that does not defeat recovery for negligent killing of child.*

A father does not lose the right to recover from a street railway company for the death of a child, *non sui juris.* killed by the negligence of the company, because he thoughtlessly or carelessly permitted the child to get out on the street.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County.    L. H. ESTES, J.

GEO. GANTT, JR., and L. LEHMAN for Dan.

TURLEY & WRIGHT for Company.

SNODGRASS, Ch. J.    This suit was brought by the father, as administrator, for damages for the negligent killing of Mary Dan, a child of four years of age. There was verdict and judgment for defendant, and appeal by plaintiff.

Many errors are assigned.    It is necessary to notice but one, which is conclusive of the right to a reversal.    The Court erroneously charged the jury as follows: "A child of tender years, of the

age the evidence shows this one to have been, cannot be guilty of contributory negligence, but as the recovery, if there be any in this case, goes to the parents, their conduct and care, in the way in which they looked after and controlled the child, or kept it under their protection and care, so as to keep it out of danger, are questions to be considered by the jury in determining what care was exercised by its parents, for, if they thoughtlessly or carelessly permitted the child, at its pleasure, to go wherever it desired, then it was likely to wander into places of danger as well as places of safety, and, if it did go into a place of danger, which caused it to lose its life, then there can be no recovery, because, if a child is too young to appreciate and know the danger it is exposing itself to, it should be kept under the control or in the custody of some one who will keep it out of danger; if this is not done, then the parents are negligent.''

This was error in several particulars. It was too strong to say if the parents ''thoughtlessly'' permitted the child to go where it desired, etc. The measure of the parents' diligence is not so strict as to imply that they will never be thoughtless about the acts or whereabouts of a child. The whole sentence would have been properly corrected to have read: ''If the parents, at the time of this accident, knowingly allowed the child to go into the place of danger where it was injured, or neglected to exercise ordinary care and prudence in keeping a knowledge

of its whereabouts and control of its actions, and if it did go into a place of danger, and its exposure thereto rather than the negligence of defendant, or equally with the negligence of defendant, was the proximate cause of the death, then there can be no recovery, but plaintiff may recover if such negligence was a remote cause of the injury which, notwithstanding such negligence on the parents' part, might have been prevented by the exercise of ordinary care on the part of the agents and servants of the defendant operating its cars.''

It is insisted, however, that this charge was corrected by subsequent instructions, and that it must be taken as a whole, and, as such, is not erroneous.

These paragraphs are added: ''If the motorman was negligent or careless—that is, run his car too fast, or was not on the lookout, or did not have his car under proper control, and in this carelessness or negligence only exposed the child to danger in cases where its parents were negligent, and permitted it to go into a place of danger, and it was this negligence of the parents that caused or contributed to cause the collision and injury, then there can be no recovery.''

''But if the motorman. saw, or by the exercise of ordinary care could have seen, the child in a place of danger, or going into a place of danger, and had time to stop his car at the rate he was going, before the collision occurred, then it was his

duty to have done so, or the road is liable for killing the child.''

These paragraphs are contradictory, but are neither of them law. The first says, and the other implies, that if the motorman ran the car too fast, or was not on the lookout, or did not have his car under proper control, etc., there can be no recovery. The second suggests that "if he saw, or by the exercise of ordinary care could have seen, the child in a place of danger, or going into a place of danger," etc.

As the first had excused him from being on the lookout, or having his car under proper control, it is obviously contradictory to instruct about exercising ordinary care. For, if these could stand together the last must mean, "If he saw, though not on the lookout, the defendant would be liable; if he exercised ordinary care to see, while not trying to see, defendant would not be liable." These supposed modifications intensify the error of the first paragraph quoted. Taken together, they all mean that if a man thoughtlessly or carelessly permits his child to get out on the street, and it is run over and killed by a street car, the railroad company is not liable unless the killing was intentional, or done in wanton disregard of its life.

This is not the law, and the judgment is reversed and the case remanded for a new trial.