CASE 56.—ACTION BY J. M. WILLIAMS AGAINST THE WEST-
ERN UNION TELEGRAPH COMPANY FOR DAM-
AGES FOR FAILING TO DELIVER A TELEGRAM.—
September 30.

# Western Union Teleg. Co. v. Williams

Appeal from Rockcastle Circuit Court.

L. F. JOHNSON, Special Judge.

Judgment for plaintiff, defendant appeals—Re-
versed.

1. Discovery—Right of Defendant to Take Plaintiff's Deposition.
—Plaintiff's residence being more than 20 miles from the
place of trial, and he being a practicing physician, so that
were he not tne plaintiff his deposition could be taken, de-
fendant has an unrestricted right to take his deposition
under Civ. Code Prac. section 606, subsection 8, providing
that a party may be examined as if under cross-examination
by the adverse party, either orally or by deposition as any
other witness; and it is not enough that plaintiff appears at
the trial, testifies, and subjects himself to cross-examination.

2. Continuance—Taking Depositions.—The right being given de-
fendant, by Civ. Code Prac. section 537, to begin taking
depositions immediately after filing his answer, his motion
for continuance till such time as he could take plaintiff's
deposition (which he had a right to take, but which plaintiff
had refused to give), and the deposition of witnesses to
rebut his testimony, should have been granted; the answer
having then been filed.

3. Damages—Evidence—Mental Anguish.—The right to recover
for mental anguish being limited to cases of the nearest
relationship, plaintiff may merely show such relationship,
and the anguish is inferred; and, where by delay in deliv-
ering a telegram he reached his mother after her death,
while, had the telegram been delivered promptly, he would
have arrived two hours before the time she died, he may
not, as bearing on his anguish, show that he, with another

doctor, who attended her at the time of her death, had treated her frequently before, and that she had yielded to such treatment, and quickly recovered, or that she was depressed when she heard he had not arrived, and that this had a tendency to hasten her death.

RICHARD & RONALDS, GEO. H. FEARSONS, J. W. BROWN and J. W. ALCORN for appellant.

BETHURUM & BETHURUM for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

On February 1, 1906, about 9 o'clock in the evening, W. J. Sparks sent the following message from Mt. Vernon to appellant, J. M. Williams, 654 Fourth street, Louisville, Ky.: "Lovell says you had better come. Mamma no better. [Signed] W. J. Sparks." This telegram reached the Western Union office in Louisville at 10:56 p. m. It was not delivered until shortly after 8 o'clock the next morning—too late for appellee to take the morning train for his mother's home. Had he taken this train, he would have reached Mt. Vernon at 1:24 p. m. His mother died at 3:20 p. m. Appellee instituted this action to recover damages for his mental anguish resulting from the failure of appellant to deliver the telegram to him in time to enable him to reach his mother's bedside before her death. Appellant answered, denying negligence on its part, and pleading contributory negligence on the part of appellee. According to the testimony for appellant, its night delivery clerk made an effort to call appellee over both telephones immediately upon receiving the telegram. Being unable to reach him, a messenger boy proceeded to 654 Fourth street. After considerable search, he found appellee's

office. There was no one there, and he left a note stating that the Western Union had a telegram for Dr. J. M. Williams. According to the testimony for appellee, he had a telephone connection in his sleeping apartments, which were immediately over his office, which rang whenever his office was called. He was in his apartments at the time it is alleged the boy attempted to deliver the message, and also at the time appellant claims to have called him over the phone, and he heard no call of any kind. When he received the message the next morning a little after 8 o'clock, it was then too late for him to take the 8:10 train for the home of his mother. The jury awarded appellee damages in the sum of $750. A new trial was refused, and the telegraph company prosecutes this appeal.

The case was assigned to the 27th day of September, 1907, for trial. On the 24th day of September the defendant tendered a motion for an order to require the plaintiff to give his deposition, as provided by subsection 8 of section 606 of the Code of Practice, and to continue the case until such time as appellant could take the deposition of plaintiff, and summon or take the deposition of witnesses to rebut such portions of his testimony as it should desire. In support of said motion, appellant filed the following affidavit, which was sworn to by its attorney, A. G. Ronald: "Affiant, A. G. Ronald, says that he is one of the attorneys for the defendant herein; that on the 19th day of September, 1907, plaintiff, Dr. J. M. Williams, and his attorney, Mr. Herman Nettleroth, were present at the office of the clerk of the District Court of the United States for the Western District of Kentucky for the purpose of taking the deposition of certain witnesses on behalf of the defendant herein; that, while plaintiff and his counsel were thus present,

the defendant, as its attorney, called the plaintiff as
a witness for the purpose of examining said plaintiff,
as provided under subsection 8 of section 606 of the
Kentucky Code of Practice; that the plaintiff declined
and refused to testify or to answer any questions that
might have been put to him by this affiant as attorney
aforesaid, and on advice of his counsel left the room.
Affiant says that he thereafter, on said day, caused a
subpœna to be issued by an officer duly authorized
to issue same, summoning plaintiff to appear as a
witness to testify in this cause, as provided in sub-
section 8 of section 606 of the Kentucky Code of Prac-
tice at the office of Clarence E. Walker, Louisville
Trust Building, Louisville, Ky., on the 21st day of
September, 1907, at 3 o'clock in the afternoon, and
that said subpœna was duly served upon said plaintiff
and also a notice that his deposition would be taken
as aforesaid; that the plaintiff and his counsel did
appear at the office of said Clarence E. Walker notary
public, at the time and place named in said subpœna,
but that this plaintiff declined and refused to give his
deposition, and, upon the advice of his counsel, de-
clined and refused to answer any questions which
might have been put to him by affiant as attorney
aforesaid.  Affiant says that this action has been in-
stituted in a court which sits more than 100 miles
distant from the place where the occurrences which
are made the basis of the suit transpired; that the
only way to rebut any claim or statement that may
be made by the plaintiff is to bring its witnesses to
the place where the court is held or to take their
depositions; that neither the defendant nor affiant
nor any of its counsel have any knowledge or informa-
tion as to what statement or claims will be made by
the plaintiff, and do not know the witnesses whose

depositions it will be necessary to take or to have present as witnesses. Affiant says that defendant cannot properly prepare this case for trial or cannot properly prepare its defense without taking the deposition of plaintiff, as provided for in the section of the Code of Practice above referred to; that, under said section, it has the right to take the deposition of plaintiff in order that it may know what evidence it has to rebut, and what witnesses to call; that, after plaintiff gives his testimony on the witness stand at the trial of this cause, there will not be sufficient time for it to secure the attendance of the witnesses who would rebut same, or take their depositions. Affiant says that this motion is not made for the purpose of delay, but only that it may be placed in a position where it can properly prepare its defense; that, unless it is given an opportunity to examine plaintiff and he is required to submit to said examination, this defendant will be deprived of a substantial right; that it cannot safely go to trial without the exercise of the right of examination of plaintiff granted to it by the Code of Practice and without the opportunity of procuring witnesses to rebut the testimony if it should so desire. Affiant says that had said plaintiff submitted to an examination or given his testimony upon either of the occasions upon which he was called as a witness by the defendant, it would have had sufficient time to rebut his testimony if it so desired and would have been ready to go to trial.''

The court refused to allow either the motion or the affidavit to be filed, but passed the matter to the day upon which the case was set for trial. On said day the court allowed the motion and affidavit to be filed, but overruled the motion, to which ruling the defendant excepted. The case then proceeded to trial. At

the conclusion of the testimony of appellee in chief as a witness in his own behalf, appellant avowed that it. was taken by surprise by the testimony of appellee to the effect that the telephone in his office was at all times connected by wire with the telephone in his sleeping apartments, and that, when the telephone in his office was rung, the telephone in his sleeping apartments was also rung for the same call; also, by the statement that the rule of the railroad company was that it would not postpone the departure of its trains except to await the coming in of a connecting train. Appellant further avowed that it could introduce testimony to rebut the statements made by appellee, but was then unable to do so because the witnesses it required for that purpose lived so far away that their presence could not be obtained or their depositions taken. Appellant thereupon moved the court to set aside the swearing of the jury, and continue the case or postpone the trial until such reasonable time as would give appellant an opportunity to take the depositions of said witnesses, all of whom it alleged resided in the city of Louisville. This motion the court overruled, and appellant excepted

In support of its contention that the trial court erred in failing to grant it a continuance when it was made known to the court that appellee had declined to give his deposition, appellant relies upon subsection 8 of section 606 of the Civil Code of Practice. This section is as follows: "A party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony." It is insisted by counsel for appellee that the only purpose of this provision is to

enable one party to get the benefit of the testimony of the adverse party at the trial; that, therefore, if the adverse party whose deposition the other party sought to take actually appears at the trial and testifies, and subjects himself to cross-examination, the party seeking his deposition cannot complain because he failed to take it. While this view appears plausible, the Code itself does not place any such restriction upon the right of one taking the deposition of the adverse party. It gives to one party the absolute right to take the deposition of the adverse party as that of any other witness. It appears that appellee, whose deposition it was sought to take, lived more than 20 miles from the county seat where the trial was to take place, and, in addition to this, he was a practicing physician. If, then, he were a witness other than the plaintiff in the case, appellant would have had the right to take his deposition. That being the case, it necessarily follows that under subsection 8 of section 606 appellant had the right to take his deposition. It is earnestly insisted that the right given by subsection 8 of section 606, if interpreted according to the contention of appellant, is liable to great abuse; that it will enable the party to find out his opponent's evidence in advance of the trial. As, however, the right is given to each party, they will both be upon terms of equality; and, as it is to be presumed that neither will offer any evidence other than the exact facts and truth of the case, we do not see how either could be prejudiced. By section 537 of the Code the right is given to a defendant to begin taking depositions immediately after filing his answer. Appellant's answer had been filed when it made the motion for a continuance on the ground that appellee had declined to give his deposition. Appel-

lant had the right to take appellee's deposition. This right was denied to it. We therefore think the court should under the circumstances, have continued the case, and its failure so to do was prejudicial error.

Appellant also insists that the trial court erred in permitting appellee to testify to the fact that he in conjunction with Dr. Lovell, a physician who attended his mother at the time of her death, had treated his mother frequently before, and that she yielded to such treatment and speedily recovered; also, that the court erred in permitting Dr. Lovell to testify to the fact that appellee's mother was disappointed and depressed when she heard that her son had not arrived on the train and that this disappointment and consequent depression had a tendency to hasten her death. Counsel for appellee insist that such evidence was admissible as bearing upon appellee's mental anguish, for his grief would be all the greater because of his inability to give his mother the treatment that had previously brought about her recovery, and because of the fact that she was depressed by reason of his failure to arrive in time to see her. In our opinion, however, the effect of appellee's testimony would be to lead the jury to the conclusion that the telegraph company was in a sense responsible for the death of appellee's mother because of his failure to get there and give her the treatment that had formerly resulted in her recovery while to admit the testimony of Dr. Lovell would, in effect, permit a recovery for the mother's anguish, instead of the son's. This is one of the few courts giving the right of recovery in cases of mental anguish. We have restricted this to cases of the nearest degree of relationship. The ground of this restriction is that there is a natural mental anguish resulting from a failure

to arrive at the bedside of a dying relative or the failure to attend the funeral of such relative. The law naturally concludes that mental anguish in case of such relationship will necessarily follow. If testimony of the kind given above were admissible, there would be no reason for restricting a recovery to cases of the nearest degree of relationship, for friends could frequently prove greater mental anguish than could a parent or son. Again, if such testimony were admissible, a son might prove that the relationship between him and his mother was more tender than that which usually exists between mother and son. He might go into matters of sentiment and love which it would be impossible for the defendant in any way to rebut. We think that in cases of this kind the party suing should be confined to a statement of the mere facts of mental anguish, and should not be permitted to introduce testimony of the nature referred to for the mere purpose of harrowing the feelings of the jury, and increasing the size of the verdict. Upon the next trial the court will exclude such testimony.

For the reasons given, the judgment is reversed and cause remanded for a new trial consistent with this opinion.