## Willis v. Bank of Hardinsburg & Trust Company, Admr., etc.

(Decided November 11, 1914.)

### Appeal from Breckinridge Circuit Court

1. Depositions—Depositions De Bene Esse—Meaning of—When May Be Taken—When May Be Used.—A deposition de bene esse, in the meaning of Sec. 558, Civil Code, is a deposition taken "conditionally;" "provisionally;" "in anticipation of future need." A plaintiff in an ordinary action has the right to take the deposition of any witness de bene esse immediately after the service of the summons; and the defendant immediately after the filing of his answer, for section 557 Civil Code so allows. But the right of the taker to use the deposition taken de bene essee is subject to the restrictions imposed by section 554, Civil Code; that is, the deposition cannot be read on the trial, though the witness be absent, unless the witness then be a person, or one of a class of persons, for the taking of whose deposition section 554 provides. The right to use a deposition under the contingencies named in section 554 gives the right to prepare for such contingencies.

2. Depositions—Witness May Not Refuse To Give His Deposition.—The giving of testimony, whether on the trial or by deposition, is not a privilege of the witness, but a right of the party. So he may be made to give his deposition, although its use on the trial be then prohibited by the restrictions, or some of them, imposed by section 554, Civil Code.

ERNEST WOODWARD, HENRY DeHAVEN MOORMAN, J. R. SKILLMAN and MILLER, SANDIDGE & MALIN for appellant.

CLAUDE MERCER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Overruling motion to reinstate injunction.

It appears from the petition in this case that there is now pending in the Breckinridge circuit court an action against the Louisville, Henderson & St. Louis Railway

Company (hereafter mentioned as the railway company), instituted by the Bank of Hardinsburg & Trust Company, as administrator of the estate of Cy Hardin, deceased, seeking to recover of the railway company damages for the death of its intestate, Hardin, upon the ground, as alleged, that it was caused by the gross negligence of the railway company. The latter filed its answer in that action traversing the allegations of the petition and pleading a settlement and compromise made with Hardin before his death, whereby it paid him $300.00 in full satisfaction of any and all claims which he then had, or might have, for the injuries inflicted by it and which thereafter resulted, as alleged, in his death. It was further alleged in the answer that by this settlement Hardin received full compensation for the injuries sustained by him; and that by reason thereof no cause of action survived to his administrator on account of his death, though the same may have resulted from the injuries in question. Filed with the answer as an exhibit was the writing evidencing the alleged settlement referred to, to which appears the name of Cy Hardin and also that of the plaintiff herein, R. O. Willis, as an attesting witness.

The plaintiff in that action, Bank of Hardinsburg & Trust Company, administrator, claiming to be surprised by the character of the defense interposed by the answer of the railway company, obtained a continuance of the case until the next term of the court, and soon thereafter gave written notice to the railway company that it would, on a day and at a place named therein, take the deposition of R. O. Willis, attesting witness to the writing evidencing the settlement, before Estes F. Richardson, a duly qualified and acting notary public in and for Breckinridge County, to be read as evidence in its behalf on the trial of its pending action against the railway company.

R. O. Willis objected to the taking of his deposition and to being subpoenaed for that purpose, of which objection and his purpose to disobey the subpoena, he informed the Bank of Hardinsburg & Trust.Company, administrator, and Richardson, the notary public; and upon being informed by them that he would be forced to give his deposition and subjected to an order of attachment and punishment for contempt if he failed to obey the subpoena or to give the deposition, he brought this action by petition in equity in the Breckinridge circuit court, setting up the above-mentioned facts and alleging, in addition, that he was not a person or of any class of persons

whose deposition might or could be taken *de bene esse,* as provided by section 554, Civil Code.

The Bank of Hardinsburg & Trust Company, administrator of the estate of Cy Hardin, and Estes F. Richardson, notary public, were made defendants to the action. The plaintiff was granted an injunction restraining them from taking his deposition. At the succeeding term of the Breckinridge circuit court the defendants filed a demurrer to the petition and entered motion to dissolve the injunction. The court sustained the demurrer, dissolved the injunction and dismissed the action, and from the judgment manifesting these rulings the plaintiff, Willis, prayed and was granted an appeal to the Court of Appeals. The judgment, however, allowed the plaintiff twenty days within which to apply to a judge of the latter court for reinstatement of the injunction pending the appeal. The motion to reinstate the injunction was made before the writer of this opinion, a judge of the Court of Appeals, but at his request all the other judges of that court acted with him in considering and passing upon the motion.

The sole question here presented for decision is whether the plaintiff, R. O. Willis, is a witness whose deposition may be taken *de bene esse.* Whatever may have been the ancient practice with respect to the taking of depositions *de bene esse,* certain it is that the entire matter has, since 1854, been regulated in this State by the provisions of its Civil Code of Practice. An order of court for the taking of depositions is not required in any case, except as provided by section 610, Civil Code, applicable alone to proceedings for the perpetuation of evidence, whether for contemplated use in an action at law or in equity, Section 557, Civil Code, provides:

"The plaintiff may commence taking depositions immediately after the service of the summons; and the defendant immediately after filing his answer."

Section 558 provides:

"A party may take the deposition of any witness *de bene esse* and it may be used under the circumstances prescribed in section 554;" and section 554 provides:

"A deposition may be read upon the trial of an issue in any action, if, at the time of the trial, the witness reside twenty miles or more from the place where the court sits in which the action is pending; or be absent from this State; or be its Governor, Secretary, Register, Auditor or Treasurer; or a judge or clerk of a court; or a post-

master, or a president, cashier, teller or clerk of a bank; or a practicing physician, surgeon or lawyer; or a keeper, officer or guard of the penitentiary; or be dead; or be of unsound mind, having been of sound mind when his deposition was taken; or be prevented from attending the trial by infirmity or imprisonment; or be in the military service of the United States or of this State.''

The words *"de bene esse"* are thus defined in Black's Law Dictionary, page 320: "Conditionally; provisionally; in anticipation of future need.''

It is manifest, therefore, that the phrase *de bene esse* as used in section 558 must be construed as meaning that the party may take the deposition of any witness *"de bene esse,"* that is, conditionally, provisionally; in anticipation of his future need of it. The plaintiff in an ordinary action has also the right to begin the taking of deposition *de bene esse* immediately after the service of the summons; and the defendant immediately after the filing of his answer, for section 557 so provides. But while this is so, the right of the taker to use the deposition so taken is subject to the restrictions imposed by section 554; that is, the deposition cannot be read upon the trial, though the witness be absent, unless, at the time of the trial, the witness "resides twenty miles or more from the place where the court sits in which the action is pending; or be absent from this State; or be its Governor, Secretary, Register, Auditor or Treasurer; or a judge or clerk of a court; or a postmaster, or a president, cashier, teller or clerk of a bank; or a practicing physician, surgeon or lawyer; or a keeper, officer or guard of the penitentiary; or be dead; or be of unsound mind, having been of sound mind when his deposition was taken; or be prevented from attending the trial by infirmity or imprisonment; or be in the military service of the United States or of this State.''

It is manifest from the facts admitted by the demurrer that the plaintiff, if situated at the time of the trial as when his deposition was attempted to be taken, would not be a witness whom the provisions of section 555, Code, would excuse from attending in court for oral examination, upon the ground that his deposition might be used, for he is not one of the persons or of any class of persons for the taking of whose deposition, section 554, Code, provides. Section 555 declares that:

"A witness whose deposition might be used shall

not be compelled to attend in court for oral examination, unless he failed, when duly summoned, to give his deposition.'' Had Willis' deposition been taken as contemplated, it could not, in any event, have been read on the trial, if he attended as a witness.

We have been unable to find any case which presented this precise question for our decision, but in Western Union Telegraph Co. v. Williams, 129 Ky., 518, and again in Owensboro City Ry. Co. v. Rowland, 152 Ky., 175, we held that by virtue of the provisions of subsection 8, section 606, Civil Code, declaring: ''That a party may be examined as if under cross-examination at the instance of the adverse party, either orally, or by deposition, as any other witness,'' either party to an action has the absolute right to take the deposition of the adverse party, although the latter be not a person or of any class of persons named in section 554, Civil Code. The question here involved seems, however, to have been passed on by the Supreme Court of Kansas in, In Re Abeles, 12 Kan., 451. The Code of that State contains a section the provisions of which are very similar to those of section 554 of our Civil Code, the case being one in which there was an attempt to compel a witness residing in the county where the action was pending to give his deposition prior to the trial of the case in which it was taken. In the opinion it is said:

''By section 346 of the code the deposition of a witness may be used when the witness is absent from the county at the time of trial, or when from age, infirmity, or imprisonment, the witness is unable to attend court, or is dead. Giving the right to use a deposition under the contingencies named, gives the right to prepare for those contingencies. It cannot of course have been contemplated that the contingency must exist before the deposition can be taken; for in one of the cases at least the happening of the contingency would destroy the power to obtain the testimony. If the deposition of a witness can be used in case of his death, the party must have a right to take that deposition beforehand. So of the other contingencies named in the statute. Now the giving of testimony, whether on the trial or by deposition, is not a privilege of the witness, but a right of the party. He need not solicit; he can compel. It seems to us therefore that under our statute a witness may be compelled to give his deposition, although he reside in the county

where the action is pending. It is said this power is liable to abuse, and that a witness may be compelled to give repeated depositions, and still be present at the trial. Courts will see that this power is not abused, or the time of a witness unnecessarily taken. It is also said, that large amounts of costs will be accumulated. This will not injure the adverse party, for a party taking depositions which he does not use, must himself pay their cost. It is also said that this permits one to go on a 'fishing expedition' to ascertain his adversary's testimony. This is an equal right of both parties, and justice will not be apt to suffer if each party knows fully beforehand his adversary's testimony."

The reasons given by the opinion, *supra,* for the conclusion therein expressed are, in our opinion, conclusive of the instant case. It follows that the circuit court did not err in dissolving the injunction, and plaintiff's motion to reinstate the injunction is therefore overruled. By order of the court this opinion will be published in the Kentucky Reports as other opinions of the court.