## Christian's Administratrix v. Ennis.

(Decided January 9, 1917.)

### Appeal from Warren Circuit Court.

1. Depositions—Right to Take Deposition of Party.—Civil Code of Practice, section 606, subsection 8, providing that a party may be examined as on cross-examination by the adverse party, either orally or by deposition as any other witness, gives to either party the right to take the deposition of the adverse party before trial, even though the witness does not belong to the class named in section 554 of the Civil Code of Practice and his deposition may not be admissible in evidence.

2. Appeal and Error—Harmless Error.—The refusal of the defendant to permit the plaintiff to take his deposition, pursuant to section 606, subsection 8 of the Civil Code of Practice, is not ground for reversal, where the plaintiff goes into trial without moving for a continuance for the purpose of taking such deposition.

3. Master and Servant—Safe Place for Work—Duty of Master.—The duty of the master to use ordinary care to furnish a reasonably

safe place for work applies only to the place which the servant is required to use for the purpose of performing his duty.

4. Master and Servant—Injuries to Servant—Use of Dangerous Place.—Where the master has furnished the servant a reasonably safe place to work and the servant declines to use such place and is injured while using a more dangerous place of his own selection, he does so at his own peril and the master is not liable.

PROCTER & GARDNER for appellant.

BRADBURN & BASHAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. M. Christian was killed while in the employ of W. T. Ennis, who operated a stone yard in the city of Bowling Green. His administratrix brought this suit to recover damages for his death. From a judgment based on a directed verdict in favor of the defendant, plaintiff appeals.

1. The first error assigned is the refusal of the defendant to give his deposition. In response to a notice to take his deposition, the defendant appeared before an examiner for Warren county and refused to give his deposition, on the ground that he lived in Bowling Green, the place of the trial, and would be present and testify at the trial if called by plaintiff. The question whether defendant should give his deposition was certified to the trial court. The court held that under the facts shown the defendant could not be required to give his deposition. Subsection 8, section 606 of the Civil Code provides: "A party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony." Section 554 of the Civil Code provides: "A deposition may be read upon the trial of an issue in any action, if, at the time of the trial, the witness reside twenty miles or more from the place where the court sits in which the action is pending; or be absent from this state; or be its Governor, secretary, registrar, auditor or treasurer; or a judge or clerk of a court; or a postmaster, or a president, cashier, teller or clerk of a bank, or a practicing physician, surgeon or lawyer; or a keeper, officer or guard of the penitentiary; or be dead;

or be of unsound mind, having been of sound mind when his deposition was taken; or be prevented from attending the trial by infirmity or imprisonment; or be in the military service of the United States or of this state.'' It is the rule in this state that subsection 8, section 606 of the Civil Code, *supra,* gives to a party the unrestricted right to take the deposition of the adverse party before trial, even though the witness does not belong to the class named in section 554 of the Civil Code, *supra,* and his deposition may not be admissible in evidence. Kentucky Utilities Co. v. Mc-Carty's Admr., 169 Ky. 38, 183 S. W. 237; Owensboro City Ry. Co. v. Rowland, 152 Ky. 175, 153 S. W. 206. We have also held that where a party refuses to give his deposition, it is error to refuse a continuance asked for by the other party in order to give him an opportunity to take the deposition. Western Union Telegraph Co. v. Williams, 129 Ky. 515, 112 S. W. 651. In this case plaintiff went into trial without moving for a continuance for the purpose of taking the deposition of the defendant. Under these circumstances, the refusal of defendant to give his deposition is not ground for reversal.

2. It is next insisted that the court erred in awarding the defendant a peremptory instruction.

It appears that decedent was a stone cutter of several years' experience and that he was killed by being struck by the mast pole of a derrick which was being used to handle stone. There was some evidence to the effect that the guy wires supporting the pole were defective, and that the defendant had given directions not to operate the derrick because it was in a dangerous condition. In addition to this evidence, Tilman Preston, who was the only eye witness of the accident and who was introduced by the plaintiff, testified in substance as follows: He and the decedent were engaged in cutting stone. The defendant had provided them with a shed under which to cut the stone. This shed was about sixty feet from the derrick. He and the decedent had nothing to do with the handling of the stone. The stone was brought to them on a tramway by the laborers. The defendant was not present when the accident occurred. The decedent and witness had moved their bankers out from under the shed into the open and were cutting stone there. Decedent's banker was nearer to

the derrick than witness'. Two laborers were using the derrick for the purpose of loading stone into a wagon. Witness called to the decedent to get out of the way. The decedent came back and the stone swung around over his banker. After the stone passed, decedent started back. Thereupon the two laborers and witness each called to the decedent to get back. Instead of doing so decedent passed by his banker towards the base of the derrick. The derrick fell and decedent was struck by the mast pole. Had decedent remained under the shed, or at the place where he first went when witness called to him to get back, decedent would have been unharmed. After describing the guy wires, witness further stated that the derrick had lifted stone four times the weight of the one they were loading when the decedent was hurt.

Plaintiff's case is predicated on the assumption that the dangerous and defective condition of the derrick rendered his place of work unsafe, and that his duties required him to work in the vicinity of the derrick. The evidence utterly fails to show that decedent had any duty to perform, either in connection with the derrick or in close proximity thereto. On the contrary, it shows that the stone was brought to him by other laborers and that he had nothing to do with the handling of the derrick. It was also shown that the master had provided him with a shed under which to work; that this shed was sixty feet distant from the derrick, and had decedent remained there he would not have been injured. Notwithstanding this fact, he not only left the shed and used a more dangerous place of his own selection, but, in the face of a warning from those present, actually started towards the base of the derrick, when the mast pole fell and killed him. The duty of the master to use ordinary care to furnish a reasonably safe place for work applies only to the place which the servant is required to use for the purpose of performing his duty. When, as in this case, the master has performed this duty and the servant refuses to use the place so provided and voluntarily uses a more dangerous place of his own selection, he does so at his own peril and the master is not liable. Broadway Coal Mining Company v. Render, 119 S. W. 198; L. H. & St. L. Ry. Co. v. Wright, 170 Ky. 230, 185 S. W. 861.

Judgment affirmed.