JUDGE HARDIN
delivered the opinion of the court.
The judgment for revision on this appeal was rendered upon the finding of a jury, for the defendants, in several consolidated actions, prosecuted by the appellants on demands against Isaac Lipman, with attachments, under which they sought to subject to their debts a stock of dry goods which were claimed by the appellee J. Silver-stone, whose asserted claim presented the principal issue tried by the jury.
It is not controverted that Lipman at one time owned a stock of goods at Hickman, Kentucky, where he was engaged in merchandising, and sold, or pretended to sell, his goods to Silverstone, who removed them to St. Louis, and mixed them with other goods he had in a store for sale there; and that shortly afterward he removed all the *700 goods remaining in.his store in St. Louis to Hickman, and with them commenced business as a retail merchant, in the same store-house which was formerly occupied by Lipman, who resumed business in the store really or ostensibly as the clerk and salesman of Silverstone, and the business was so continued for several months in the name of Silverstone, who in the mean time replenished the stock on hand by the addition of some- new goods, when the business being suspended and the goods boxed up for removal, they were levied upon under an attachment in one óf these actions.
The bill of exceptions contains a mass of testimony which was adduced on the trial, orally and by depositions, on the question of ownership of the goods, on which, under proper instructions, it was the province of the jury to find whether the goods taken under the attachment were the property of Lipman or Silverstone; and without collecting the facts .minutely, or intimating an opinion as to the preponderance of the evidence, it is deemed sufficient to say that we could not reverse the judgment on the ground that there was not sufficient evidence to sustain the verdict of the jury.
But the appellants complain of several rulings of the court which involve interesting and important questions, on which the correctness of the judgment must depend. The first of these rulings which we will consider is the refusal of the court to permit the appellants to read as evidence the deposition of Lipman, which had been taken upon examination of Silverstone and cross-examination of appellants, and filed in the cause, but which Silverstone declined to read as evidence when the appellants offered to do so. It is a general rule, heretofore recognized by this court, that while the vendor of property is a competent witness to prove title in his vendee, he is incompetent *701 as a witness for “Ms levying creditor who offers him on the assumed ground of fraud.” (Smead, &c. v. Williamson, 16 B. Mon. 492.) But although Lipman was not a competent witness for the appellants, if at first introduced by them, the objection to his competency was waived by the act of Silverstone in maMng him a witness in the cause. Having examined him himself, the adverse party became entitled to do so also; and he should not have been allowed to experiment on his rights by taking the deposition; and on finding it unfavorable to him reject it as incompetent testimony against him. (3 Greenleaf on Evidence, sec. 326.) The court therefore erred in refusing to allow the deposition to be read.
It is further objected for the appellants that, with reference to the evidence conducing to prove the purchase of Silverstone of the goods of Lipman to have been fictitious and fraudulent, and that to prevent identification of these goods Silverstone wrongfully mixed and' confused them with others which belonged to him, the court erred both in instructing the jury at the instance of Silver-stone, and in refusing to give an instruction asked by the appellants. The instruction so given is as follows:
“ The court instructs the jury that none of the goods of defendant Silverstone are liable to this attachment, except those that he bought of Lipman; and if they believe from the evidence that the sale was fraudulent, and that Silverstone took part in the fraud, and should also believe that none of the identical goods sold by Lipman to Silver-stone were actually attached in this action, they must find for defendant; and if the jury believe that any of the identical goods sold by Lipman to Silverstone were actually attached in this ease, they must say how much, and only find against Silverstone for that amount; and the burden of proof is on plaintiffs to identify the goods *702 attached as the goods sold by Lipman to Silverstone, or what part of them was so sold.” And said instruction asked by the plaintiffs and refused is as follows: “The court instructs the jury that if they believe from the evidence that the goods attached in this action, or any part of them, were sold by Lipman to Silverstone with the fraudulent intent to hinder or delay the creditors of Lipman from the collection of their debts, and this intent was known to Silverstone at the time, and that he participated in the fraud, and that Silverstone, after he got the goods in his possession, so mixed the goods with his own that they might not be identified, then the law is for the plaintiffs, and the jury should so find.”
The point of objection to the action of the court in relation to these instructions is, that the court virtually excluded from the jury the principles of law applicable to the evidence importing a willful mixing of the goods in controversy by Silverstone with others, for the fraudulent purpose of preventing their identification.
The doctrine of the confusion of goods, in its effects on the rights of immediate owners, may be considered as clearly and distinctly settled. If a party willfully so confounds the property of another with his own that the line of distinction can not be traced, all the inconvenience of the confusion is thrown upon the party who produces it, and generally it is for him to distinguish his own property or lose it. (Hart v. Ten Eyck, 2 Johnson’s Chancery Rep. 62; 2 Blackstone’s Commentaries, 405; 2 Kent’s Commentaries, 365; Loomis v. Green, 7 Maine, 386.) And in the case of the levy of an execution or attachment against a debtor on his property, which another person has fraudulently confounded with his own, if the latter would reclaim his own property, the burden of proof is on him to distinguish it from that of the debtor. (Drake on *703 Attachment, sec. 199; Treat v. Barber, 7 Conn. 274; Robinson v. Holt, 39 N. H. 557; Smith v. Sanborne, 6 Gray, 134.) It needs scarcely to be suggested, however, that these principles do not apply where the property of a debtor is intermingled with that of another from casualty or accident, or without any design of covering the property of the debtor.
Testing the action of the court below by the foregoing views of the law, which we regard as applicable to this case, the decision of the court, in effect, that although the sale to Silverstone may have been fraudulent and invalid, and although he may have fraudulently confounded the goods with his own, the burden was nevertheless on the plaintiffs to distinguish the goods which belonged to Lipman, was in our opinion clearly erroneous. On the contrary, the court should have instructed the jury, in substance, that if they believed from the evidence that the sale and transfer of the goods from Lipman to Silverstone were made with the intent to delay, hinder, or defraud Lipman’s creditors, and were at the time so known to he by Silverstone, the law was for the plaintiffs as to all the property attached which was so sold and transferred by Lipman; and if so, and before the levy the goods had been by Silverstone willfully mixed with others, the burden was on him to identify his own goods from those embraced by the sale from Lipman, in order to exempt the goods so owned by him from sale under the attachments.
It is insisted further for the appellants that the court erred in giving to the jury, at the instance of the defendants, the following - instructions: “That when witnesses are equally credible, the greatest weight ought to be given to those who have the best opportunity to learn and know the material facts.”
*704 In a general sense it is pertinent for a jury, in deciding upon the credibility of witnesses, to consider their opportunity of knowing the facts of which they testify as well as their capacity, inquisitiveness, and other circumstances affecting the weight of their testimony; but the reference contained in this instruction to the credibility of the witnesses, and their opportunities of knowing the material facts, was, we think, calculated to mislead the jury by restricting their consideration of the circumstances affecting the testimony of the witnesses to those only which directly concerned their worthiness of belief, according to the ordinary tests of good character, and their means of knowing what they testified.
As to the proof of the declaration of Silverstone relative to and contemporaneous with his acts in removing the goods, which were proved by the plaintiffs as evidence of fraud, we do not perceive that they were not competent as part of the res gestee, and tending in some degree to explain the principal facts under investigation.
The appellants not only complain of the judgment against them which we have considered, but insist that the court erred in setting aside a previous verdict and judgment in their .favor on a motion of Silverstone for a new trial, and ask. that the last judgment be reversed, and the cause remanded with directions to re-enter the first one. But aside from the grounds on which the court seems to have acted in granting a new trial, the rulings of the court on the first trial were not such as we could affirm by ordering a judgment on the verdict then rendered.
But for the reasons we have indicated, the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.