## Kentucky Utilities Company v. McCarty's Administrator.

(Decided March 8, 1916.)

Appeal from Montgomery Circuit Court.

1. **Death—Injuries to Minor—Rights of Parents to Recover.—**Where the parents of an infant child, employed in violation of the child labor statute, are the sole beneficiaries of a recovery, and suffer or permit his employment in violation of the statute, they cannot recover where the sole negligence of the defendant is the employment in violation of the statute. But the violation of the statute by one parent does not deprive the other parent, who did not violate the statute, of the right to recover.

2. **Death—Pleading—Injuries to Minor—Rights of Parents to Recover.—**In an action for damages for the death of a minor child employed in violation of the child labor statute, the defense that the parents suffered or permitted the employment should be pleaded, and the burden is on the defendant to show this fact.

3. Death—Injuries to Minor—Rights of Parents to Recover—Evidence.—On the question whether the parents of an infant child, killed while employed in violation of the child labor statute, suffered or permitted the employment, evidence as admitted considered and held to present a question for the jury.

4. Witnesses—Transaction with Decedent—Competency.—A father who does not take through the estate but is a direct beneficiary under the statute, is not competent, in an action by him to recover damages for the death of his infant son, to testify to a message which he sent by his son to the son's employer.

5. Witnesses—Competency—Objection—Waiver of Right.—A party in a common law action does not waive his right to object to incompetent statements of the adverse party by taking the latter's deposition, pursuant to subsection 8, section 606, Civil Code, and examining him with reference to such incompetent matters, when the deposition is not read and is not admissible in evidence because of the presence of the witness in court.

6. Master and Servant—Injuries to Minor—Employment in Violation of Statute—Negligence—Liability of Employer.—Where a child employed on an ice wagon in violation of the child labor statute is killed by a collision between the wagon and a train, the concurring negligence of the employer renders him liable, notwithstanding the fact that the child's death was directly caused by the intervening act of a responsible third party.

7. Death—Injuries to Minor—Action for Damages—Death of Beneficiary—Effect.—In an action for damages for death, the right of a beneficiary designated by the statute to recover damages for the death of another attaches when the death of such person takes place, and is not affected by the fact that the beneficiary does not survive the final result of the litigation; but the right to recover having vested, the proceeds of the recovery, to which the beneficiary would have been entitled if living, descend at his death as other personal property.

GORDON & LAURENT and HENRY R. PREWITT for appellant.

ROBT. H. WINN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

This suit by French McCarty as administrator of Ray McCarty, deceased, to recover damages for the latter's death, was originally brought against the Kentucky Utilities Company, the Chesapeake & Ohio Railway Company and O. N. Garr, a locomotive engineer. Garr's demurrer to the petition was sustained and the petition, dismissed as to him. The railway company paid $3,000.00, in settlement only of its portion of the damages and the action against it was dismissed settled. The case pro-

ceeded to a trial against the utilities company and resulted in a verdict of $5,100.00, subject to a credit of the $3,000.00 paid by the railway company. Judgment for the balance, amounting to $2,100.00, was rendered against the utilities company and it appeals.

Briefly stated, the facts are as follow: The Kentucky Utilities Company is a corporation engaged in supplying ice, water and electricity to certain towns in Central Kentucky. In the summer of 1914, it employed Ray McCarty, a boy fifteen years of age, to deliver ice from one of its Mt. Sterling wagons. Early in the afternoon of July 19th the wagon was returning to the ice plant from its Sunday morning delivery. In crossing the Chesapeake & Ohio Railway track near the ice plant the wagon was struck by a train and McCarty was killed.

It is conceded that the decedent was employed by the utilities company in violation of section 331a, Kentucky Statutes, commonly known as the "Child Labor Law."

While other grounds of negligence were relied on, the only ground on which the case was submitted to the jury was the employment in violation of the statute.

The court told the jury in substance to find for plaintiff unless they believed from the evidence that plaintiff knowingly suffered or permitted his intestate to be employed by the defendant company, in which event they should find for the defendant.

The Child Labor Statute imposes a penalty not only on the employer but on the parent who suffers or permits a child to work in violation of its provisions. Section 331a, subsection 16, Kentucky Statutes.

Defendant insists that where the parents are the sole beneficiaries of the recovery and they themselves have violated the statute by suffering or permitting the employment of the child, they are not entitled to recover. It is further insisted that the evidence conclusively shows that the parents did suffer or permit the employment of the decedent, and that, therefore, defendant was entitled to a peremptory instruction.

Section 241 of the Constitution provides:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the

personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person."

Section 6, Kentucky Statutes, provides that the action shall be prosecuted by the personal representative of the deceased, and that if the deceased leaves no widow, husband or child the recovery shall go to his mother and father in equal parts if both be living, but if one be dead, to the other. If the deceased leaves no mother nor father, then the recovery becomes a part of his personal estate, and after the payment of his debts the remainder passes to his other kindred, as provided by the statute of descent and distribution.

From the foregoing it will be seen that it is only where the deceased leaves no widow, husband, child, father nor mother that the recovery becomes a part of his estate. When, therefore, the deceased is survived by any of the designated relatives, the recovery is directly for their benefit and the administrator in bringing the action acts as their representative and not as the representative of the estate. Sturges v. Sturges, 126 Ky., 80, 102 S. W., 884, 12 L. R. A. (N. S.), 1014; Jeffersonville, etc., R. Co. v. Hendricks' Admr., 41 Ind., 48; Knight v. Moline, M. & W. Ry. Co., 140 N. W. (Iowa), 839. Where this view prevails the authorities generally hold that the negligence of the parent directly and proximately contributing to the death of a child *non sui juris* will bar a recovery in an action by the administrator—at least to the extent that the recovery, if any, would inure to the benefit of the parent so guilty of contributory negligence. Passamaneck's Admr. v. The Louisville Railway Company, 98 Ky., 195; Toner's Admr. v. South Covington, &c., Street Railway Company, 109 Ky., 41; Schlenks v. Railway Company (Ky.), 23 S. W. 589; Mills' Admr., &c. v. Cavanaugh, 29 R., 685; St. Louis, I. M. & S. R. Co. v. Dawson, 68 Ark., 1, 56 S. W., 46; Toledo, W. & W. R. Co. v. Miller, 76 Ill, 278; Toledo, W. & W. R. Co. v. Grable, 88 Ill., 441; Pekin v. McMahon, 154 Ill., 141, 27 L. R. A., 206, 45 Am. St. Rep., 114, 39 N. E., 484; Baltimore & S. W. R. Co. v. Pletz, 61 Ill. App., 161; Tucker v. Draper, 62 Neb., 66, 54 L. R. A., 321, 86 N. W., 917; Davis v. Seaboard Air Line R. Co., 136 N. C., 115, 48 S. E. 591, 1 A. & E, Ann. Cas., 214; Wolf v. Lake Erie & W. R. Co., 55 Ohio St.,

. 530, 36 L. R. A., 812, 45 N. E., 738; Banberger v. Citizens' . Street R. Co., 95 Tenn., 18, 28 L. R. A., 486, 49 Am. St. Rep., 909, 31 S. W., 163; Dan v. Citizens' Street R. Co., 99 Tenn., 88, 41 S. W., 339; Richmond, F. & P. R. Co. v. Martin, 102 Va., 201, 45 S. E., 894; Ploof v. Burlington . Traction Co., 70 Vt., 509, 43 L. R. A., 108, 41 Atl., 1017.

The case of Dickinson v. Stuart Colliery Company, 76 S. E., 654, 43 L. R. A. (N. S.), 335, is directly in point. There a boy employed in a mine, in violation of the child labor statute of West Virginia, was killed. The father was the sole beneficiary of the recovery. The West Virginia statute imposes a penalty on the parent or guardian for allowing an infant of the inhibited age to be employed in a manufactory. The evidence showed that the father violated the statute. The court held that, as he was the sole beneficiary of the recovery, his violation of the statute precluded a recovery, and laid down the rule, that, under such circumstances, no recovery could be had in the absence of evidence tending to show some act of negligence on the part of the defendant other than the mere employmnt in violation of the statute. It seems to us that this doctrine is sound, notwithstanding the fact that the employer may, in some instances, escape civil liability. The real purpose of the statute is to protect the child by preventing his employment. To this end a duty is imposed on both the employer and the parents. To permit the parents to recover when they have violated the statute would do away with one of the most effective means of preventing the employment, and would, in effect, put a premium on their violation of the statute. We, therefore, conclude that it is the safer rule to hold that where the only negligence of the employer is the employment in violation of the statute, no recovery can be had by that parent who knowingly suffered or permitted the employment, whether the doctrine be based on the theory of contributory negligence or on the theory that the parent is equally guilty with the employer and should not, therefore, be permitted to take advantage of his own wrong. However, the fact that one parent violates the statute is no ground for denying a recovery to the other parent who is not guilty of a similar violation. We further conclude that the defense that the parents, or either of them, violated the statute should be pleaded, and that the burden is on the defendant to show such violation.

On the question of whether the father and mother suffered or permitted the employment the evidence, in brief, is as follows: The decedent went to work for the defendant during the latter part of June. At that time the father was not at home but was working in the mountains, He returned on July 14th and left on the 15th. The accident occurred on the 19th. The father lived a few hundred yards from defendant's plant. While at home he learned of his son's employment, but did not tell any of defendant's officers that he did not want his son to work. He claims, however, that he sent word by his son to the defendant that he was unwilling for his boy to continue at work. After he left home he did not know that his son continued at work. The evidence with respect to the boy's mother shows that during the time he was employed she was in the last stages of tuberculosis. She was frequently hysterical and under the influence of opiates and bromides. Her will was very feeble and she did not have the power to adhere to any fixed purpose. On the evidence as admitted, we conclude that the question whether the parents suffered or permitted the employment was for the jury.

But it is argued that the court erred in permitting the father to testify to the conversation he had with his son, who was dead, and to the message sent by the son to the defendant. The question turns on whether the conversation and message constituted a transaction with the decedent and whether or not the father was testifying for himself. It is well settled that a transaction between a witness and the decedent embraces every variety of affairs which can form the subject of negotiations, interviews or actions between two persons, and includes every method by which one person can derive impressions or information from the conduct, condition, or language of another. Barnett's Admr. v. Brand, 165 Ky., 616. Therefore, we are clearly of the opinion that the interview between the father and his deceased son constituted a transaction within the meaning of the Code. Nor do we think that the case falls within the rule that permits an administrator, or one interested in an estate, to testify under certain circumstances to transactions with the decedent for the protection of the estate. Swinebroad v. Bright, 116 Ky., 514; Moore v. Moore's Admr., 101 S. W., 358. As before stated, the recovery is not for the benefit of the estate. The father does not take through the estate. He is a direct beneficiary under the statute and

the recovery goes directly to him. Therefore, in testifying to transactions with the decedent he testifies not for the estate but for himself. That being true, the provision of the Code clearly applies. But the point is made that the defendant waived its right to object to the testimony in question because it took the deposition of the father and examined him with reference to the same facts, although the deposition was not read in evidence. It may be conceded that there is authority for this position, Rice v. Waddill, 168 Mo., 99, 67 S. W., 605; Borges Investment Co. v. Vette (Mo.), 64 A. S. R., 567, but the doctrine cannot be applied to the facts of this case. The action is at common law. The deposition was taken by the defendant pursuant to subsection 8, section 606, Civil Code, which provides:

"A party may be examined as if under cross examination at the instance of the adverse party, either orally or by deposition as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony."

This section gives to a party the unrestricted right to take the deposition of the adverse party before trial, even though the witness does not belong to the class named in section 554, Civil Code, and his deposition may not be admissible in evidence. Western Union Telegraph Company v. Williams, 129 Ky., 518; Owensboro City Ry. Co. v. Rowland, 152 Ky., 175, 153 S. W., 206. In other words, the Code confers the right on either party to take the deposition of the adverse party, not merely for use as evidence if the necessary conditions arise, but for the purpose of exploration, or of ascertaining the facts on which the adverse party relies. As plaintiff not only lived within twenty miles of the place of the trial but was actually present in court, the deposition was not only not read, but, not being admissible in evidence, could not have been read by either party. Considering the purpose for which the deposition was taken, we conclude that defendant did not waive its right to object to plaintiff's testimony concerning his conversation with the decedent by taking his deposition and examining him with reference to such conversation, when the deposition itself was not read and was not admissible in evidence. It follows that the trial court erred in permitting plaintiff to testify to the interview which he had with the decedent.

The further point is made that the death of the decedent was not caused by his employment in violation of the statute but solely by the negligence of the railroad, and that for this reason defendant is not liable. There are cases holding that where the child is injured or killed by the act of an independent responsible human agency the employer is not liable, although he violated the statute in employing the child. Nickey v. Steuder, 164 Ind., 189, 73 N. E., 117; Norman v. Virginia-Pocahontas Coal Co. (W. Va.), 69 S. E., 857. This view, however, does not harmonize with our decisions on the question, nor does it accord with the weight of authority. The purpose of the statute is to prevent the child from being exposed to danger. Here the employment of the decedent on the ice wagon was in violation of the statute. What were the dangers to which the child was exposed by reason of his employment? Shall they be confined to the risk of a runaway, or of handling the ice, or of the safety of the wagon? Is not a collision with another wagon or with a train one of the dangers against which the statute is directed? Was not the very purpose of the statute to prevent the boy's being placed in a position where just such an accident might occur? Certainly the case is not one where death resulted from some cause wholly disconnected with the employment. It was only by reason of and in consequence of his employment that he was exposed to the particular danger. Though killed by the intervening act of a third party, his death would not have resulted had it not been for the peril to which he was subjected by reason of his employment. While a different rule may apply to adults who are injured or killed by violation of a statute, all that is necessary in the case of children, who are employed contrary to the child labor statute, is to show that they were injured or killed while employed and in consequence of their employment. In such a case, the doctrine that the employment merely furnished the occasion for the injury and is not the proximate cause will not be applied. It is one of the contributing causes, and, that being true, the employer will be held liable. Where a child is employed in violation of the statute and the employment exposes him to a danger which the statute was intended to guard against, the employer cannot escape liability on the ground that the particular accident was not one which a person of ordinary prudence should have anticipated. He must anticipate every char-

acter of accident that may befall the child by reason of the dangers to which he is exposed by the employment. We, therefore, conclude that where the child's employment exposes him to the particular peril which resulted in his death, it is immaterial that his death was actually caused by the intervening act of a responsible third party. In such a case the concurring and contributing negligence of the employer will be regarded, so far as he is concerned, as the proximate cause of the child's death. Casperson v. Michaels, 142 Ky., 314, 134 S. W., 200; L. H. & St. L. Ry. v. Lyons, 155 Ky., 396, 159 S. W., 971; Smith's Admr. v. National Coal & Iron Company, 135 Ky., 671, 117 S. W., 280.

The decedent was survived by both his father and mother. The mother died before the trial. Evidently acting on the theory that her death made the father the only beneficiary of the recovery, the court told the jury, in substance that plaintiff could not recover if he knowingly suffered or permitted the employment. In view of another trial, we deem it proper to say that this instruction goes too far. While there is a conflict of opinion on the subject, it is well settled in this jurisdiction that the right of a beneficiary designated by the statute to recover damages for the death of another attaches when the death of such person takes place, and is not affected by the fact that the beneficiary does not survive the final result of the litigation. On the contrary, the right to recover having vested, the proceeds of the recovery, to which such beneficiary would have been entitled if living, descend at his death as other personal property, Thomas' Admr. v. Maysville Gas Company, 112 Ky., 569. And where an action for damages by the personal representative of the person killed is already pending, it is not necessary to make the personal representative of a deceased beneficiary, other than the plaintiff, a party to the action. It follows that the court should not have authorized a finding for the defendant if the plaintiff alone suffered or permitted the employment.

If, on another trial, the evidence on the question of whether or not plaintiff and the mother of the decedent suffered or permitted his employment be conflicting, the court will instruct the jury as follows:

1. You will find for plaintiff unless you believe as in Instruction No. 2.

2. If you believe from the evidence that both plaintiff and the mother of Ray McCarty knowingly suffered or permitted him to be employed by defendant, you will find for the defendant.

3. If you find for plaintiff and believe that neither plaintiff nor the mother of Ray McCarty knowingly suffered or permitted him to be employed by defendant, you will find such a sum in damages as you may believe from the evidence will fairly and reasonably compensate the estate of Ray McCarty for the destruction of his power to earn money, and will deduct therefrom the sum of $3,000.00 should your finding exceed that sum. If your finding be equal to or less than that sum, you will not find any damages for plaintiff.

4. If you find for plaintiff and believe that either plaintiff or the mother of Ray McCarty knowingly suffered or permitted his employment by the defendant, you will find as damages only one-half of such sum as you may believe from the evidence will fairly and reasonably compensate the estate of Ray McCarty for the destruction of his power to earn money, and deduct therefrom the sum of $3,000.00 if your finding exceed that sum. If your finding be equal to or less than $3,000.00, you will not find any damages for plaintiff.

Judgment reversed and cause remanded for a new trial consistent with this opinion.