## Arnold, et al. v. Cocanaugher, et al.

(Decided June 9, 1916.)

### Appeal from Washington Circuit Court.

1. Witnesses—Competency—Waiver.—Where a party, who is incompetent to testify for himself concerning transactions with the decedent, is called as a witness by the adverse party and his deposition taken in behalf of the latter as to such transactions, his incompetency is removed and he may thereafter testify as to those matters concerning which he was interrogated.

2. Appeal and Error—Finding of Chancellor—Evidence.—Where, in an action by an administrator for the settlement of an estate, certain heirs claimed that the administrator, as agent of his mother, converted to his own use a portion of his mother's estate, evidence examined and held insufficient to sustain the charge.

H. W. RIVES for appellants.

W. C. McCHORD for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

John S. Cocanaugher, Sr., died a resident of Washington county in the year 1893. At the time of his death he owned a farm of about 215 acres, for which he had paid between $5,000.00 and $6,000.00. He was also the owner of personal property of the value of about $600.00 or $700.00. By his will, which was duly probated, he devised all of his property to his wife for life, remainder to his ten children. By item 9 of his will he provided that out of the estate devised to his wife, his four infant children should each receive the sum of $1,050.00, to equalize them with the other children, who had received similar advancements. He further provided that if the above sum was not paid to each of his children before they reached the age of twenty-five, they should each receive interest thereon until paid. At the time of the death of the testator all of his children, with the exception of John S. Cocanaugher, who was then sixteen or seventeen years of age, and a daughter, Lena, had moved away from the home farm and settled elsewhere. Shortly after the decedent's death, Lena married and moved away. For the first year or two Mrs. Emily Cocanaugher, the widow of the testator, employed her oldest son, Thomas C. Cocanaugher, to manage the farm. During that time John S. Cocanaugher worked on the farm at a wage of 50 cents per day. Thereafter, John S. Cocanaugher was employed to manage the farm at a salary of $365.00 per annum. He and his family were furnished with board and he was also given the privilege of keeping certain stock on the place. He managed the farm up to the time of his mother's death, which occurred on August 8th, 1914. Thereupon he qualified as his mother's administrator.

This suit was brought by John S. Cocanaugher as administrator, to settle the estate. The other children were made parties defendant. Two of the children, Mrs. Arnold and Mrs. Cochran, together with their husbands, filed an answer and cross-petition, in which they charged in substance that John C. Cocanaugher, as agent of his mother, had converted a portion of the estate to his own use, and asked a settlement of his accounts as agent for his mother. The case was referred to the master commissioner to hear proof. Numerous depositions were taken and the commissioner filed a re-

port showing a small balance due from the estate to John S. Cocanaugher. To this report Mrs. Arnold and Mrs Cochran filed numerous exceptions, all of which were overruled and the report confirmed by the chancellor. From that judgment this appeal is prosecuted.

Appellants are not in a position to complain that appellee was not competent to testify concerning transactions which he had with his mother, who was dead when the testimony was given. It appears that he was called as a witness by appellants and his deposition taken in their behalf. Having examined him in reference to numerous transactions with his mother, his disqualification as a witness was removed and he became competent to testify in his own behalf as to matters concerning which he had been so interrogated. 40 Cyc. 2344; German v. Brown & Leeper, et al., 145 Ala. 364, 39 Sou. 742; Currie, et al. v. Michie, 123 Wis. 120, 101 N. W. 370; Weil & Bro. v. Silverstone, 6 Bush 698.

In view of the size of the record, we deem it necessary to give a detailed statement of the facts. It clearly appears that John S. Cocanaugher, Sr., paid between $5,000.00 and $6,000.00 for the farm. Owing to the financial depression existing in 1893, it may be doubted if the farm was worth much more than that sum at that time. While the precise value of his personal estate is not given, we doubt if it was worth more than $700.00. It also appears that John S. Cocanaugher, Sr., left some debts amounting to a few hundred dollars, and that his funeral expenses were paid out of the estate. Appellee was in charge of the estate for about twenty years. Upon the death of his mother the farm was sold for over $15,000.00 and the personal property was worth about $3,500.00. During this time the farm was not permitted to run down. Its fertility was preserved and valuable improvements were placed thereon. It also appears that about $4,500.00 was paid as advancements to the four infant children and the taxes were regularly paid. During the same time, he, at the direction of his mother and with the consent of the other children, paid to one of his sisters, who was in need, numerous sums aggregating about $900,00. Appellee and his mother had frequent settlements and we find no evidence to the effect that she was mentally incapable of making the settlements, or that she was ever the victim of fraud on the part of appellee. On the whole, we conclude that

appellee satisfactorily accounted for all the money which he received. It is true that he himself has acquired some property, but in view of the fact that he is shown to be a hard-working and economical man and a successful trader, we find no basis for the suspicion that his success was due to the fact that he took advantage of his mother and converted her property to his own use. Since the report of the commissioner and the finding of the chancellor are both in accord with the views herein expressed, we see no reason to disturb the judgment.

Judgment affirmed; whole court sitting.