## Wilhelm et al. v. Orlamuende's Administratrix.

(Decided March 22, 1929.)

GIFFORD & STEINFELD and W. PRATT DALE for appellants.

DOOLAN & DOOLAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Martha Wilhelm and others, whom we shall call the plaintiffs, sought to surcharge a settlement made by the administratrix of the estate of Paul Orlamuende. They were only partially successful, and they have appealed.

Paul Orlamuende died intestate on April 8, 1925. His widow qualified as his administratrix. She took the

estate at the appraisement, and settled her accounts as administratrix on May 28, 1925. On April 2, 1926, a petition to surcharge this settlement was filed by Martha Wilhelm and Ida Rahn, sisters of the decedent, two nieces, who were daughters of the decedent's brother, August Orlamuende, and three nieces, who were daughters of his brother Franz Orlamuende. Paul Orlamuende at his death was conducting the Enterprise Hotel in Louisville, Kentucky, the furniture and fixtures in which were appraised at $708.50. The plaintiffs insist that this property was very much undervalued, and that it and the lease he had on the hotel were worth $9,000. The trial court fixed the value of the lease and personal property at $2,708.50. In other words, he raised the value of it $2,000. They introduced one witness, who testified he went through this hotel and looked over the property on July 4, 1925, and that he appraised this furniture then at $2,000. He said it consisted of iron beds, springs, and mattresses, cheap rugs, and chairs; that there were about 50 rooms so furnished, and that the kitchenware was all cheap. There was also proof that, a year after that, some one offered about $5,000 for this lease.

There is no evidence that this furniture was in the same condition in July that it was in April, when the decedent died. There was evidence that this offer for the lease was conditioned on Mrs. Orlamuende's buying out certain sublessees on the property. There was no proof that this leasehold was worth as much at the time of Orlamuende's death as it was at the time this offer was made. Then, too, at the time this offer was made, certain parties were endeavoring to get possession of this property for the promotion of some sort of plan, and no one undertakes to say the lease was worth that much at the time of Orlamuende's death. It is a matter of common knowledge that, in carrying out these promotion schemes, prices are frequently paid or offered for property that far exceed the real value of it, so that we are left in such doubt that we are unable to say the chancellor erred in fixing on this lease and personal property the value that he did. What some one was willing to pay for this a year afterwards, because, perhaps, of some particular need of it, is not a fair criterion of the value of the thing at the time Mrs. Orlamuende took it.

The next item attacked is a claim of $6,160 paid to Mrs. Orlamuende by the estate. It is admitted that she let her husband have $5,250 some years before, and plain-

tiffs contend that is all she should be allowed credit for; but the item of interest on that was sufficient to bring that indebtedness to the sum of $6,160, which was paid her, so that we cannot say that is incorrect.

A fee of $1,500 was paid by her to her attorneys. This the court reduced to $1,000, and we are asked to reduce it still further, and to fix it at $500. Mrs. Orlamuende was unaccustomed to probate matters. She had to depend almost entirely upon her counsel. A claim was asserted against the estate for $4,000, which with the aid of her counsel she succeeded in defeating in toto. One Tillie Banta made a very extravagent claim for nursing Mr. Orlamuende. The claim was contested, but the Banta claim was finally filed for $1,040, which was much less than her claim as originally asserted, and which the administratrix succeeded in getting reduced still further, and which was settled for $876.68. The state made a claim for back taxes for six years, claiming that certain notes, stocks, and other securities had not been listed for taxation. The attorneys succeeded in defeating that claim. The court fixed this fee at $1,000, which was certainly low enough, in view of what we said in the cases of Axton v. Vance, 207 Ky. 580, 269 S. W. 534, and Robbins v. Jones, 211 Ky. 211, 277 S. W. 333, and, as no cross-appeal has been prosecuted, we are not called upon to say it is too low.

There was a book in the Lincoln Building & Loan Association in the name of Paul Orlamuende, the value of which was $479.54, and we are asked to charge Mrs. Orlamuende with that; but she testifies that this was her property, that she desired to take out two books in this building and loan association, but under its rules was not permitted to do so, and that one of these was taken in her husband's name on that account. Mrs. Orlamuende claims her husband gave her an automobile, and the plaintiffs insist that she should be charged with this building and loan book and the automobile, and that she is not a competent witness to prove her ownership of them. Upon the question of her competency, we will say that ordinarily she would not be competent, but the plaintiffs took her deposition, and thereby waived the question of her competency. Without her evidence they have nothing to show anything about this building and loan stock or the automobile, and with her evidence it is shown that this was her property. Thus the court found that there was $2,500 to be added to this estate, one-half of which, of

course, would go to the administratrix as the widow of the decedent, and the court gave a judgment against her in favor of the plaintiffs for $1,250, with interest from April 14, 1927.

The plaintiffs insist that the interest should have been paid from the time she settled her accounts. Mrs. Orlamuende relies on section 3859, Kentucky Statutes, which she insists gives her two years in which to settle this estate before she is to be charged with any interest. We do not feel that we are called upon to construe this section of the statutes, or that it has any application here. She settled this estate on May 28, 1925, and she ought to be charged with interest from that date. That is not, however, sufficient excuse for the reversal of this judgment.

The judgment is affirmed, and Mrs. Orlamuende shall pay interest on this $1,250 from May 28, 1925.