## Nolty's Administrator v. Fultz.

(Decided Nov. 29, 1935.)

JESSE K. LEWIS and W. J. FIELDS for appellant.

R. C. LITTLETON and A. C. JARVIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is an appeal from an unsuccessful effort by the administrator of William Nolty to recover money and other property alleged to belong to the estate of said intestate.

## The Facts.

On January 31, 1933, William Nolty died in his 79th year, unmarried, intestate, and without issue, and under the statute his estate descended as follows: One-fourth to his sister, Dora Kotcamp, one-fourth to his sister, Kate Probst, one-fourth to the children of his deceased sister, Anna Hexagon, one-fourth to the children of his deceased brother, Henry Nolty.

On September 25, 1933, an administrator of his estate was appointed, and this appeal is the result of an unsuccessful effort of that administrator to recover a portion of the old man's estate which is now in the hands of the appellee, Kate Fultz.

William Nolty had been a very industrious, frugal, eccentric, and miserly man, who had lived alone in a cabin near the railroad in Lewis county, Ky.

On January 1, 1933, one of his neighbors found him in his cabin seriously ill, and at his request this neighbor on that day took him to the home of his niece, Kate Fultz, in Carter county, and there he remained until he died.

His relatives believed him to be very wealthy and doubtlessly his death aroused in them great expectations. Kate Fultz took possession of everything the old man had, and to the inquiries of his relatives about his estate, she answered: "He didn't leave anything."

On October 2, 1933, his administrator filed this suit in equity against Kate Fultz in which he charged she had concealed and embezzled the old man's money. This suit was in the nature of a bill of discovery, and to it the administrator attached interrogatories addressed to Kate Fultz and her codefendant, the First National Bank of Grayson.

In her answer to the interrogatories, Mrs. Fultz asserted that on the day he came to her home the old man gave her $4,050, which she since has had, and in her answers to said interrogatories she did not confine herself to simply responding to the questions propounded, but went far afield and gave answers and detailed happenings, conversations, and occurrences with the deceased, William Nolty, concerning which she was not ordinarily a competent witness.

The cause was heard by a jury which returned a

verdict for the defendant. The judgment entered on that verdict is proper unless some error was committed.

## The Trial.

The principal errors of the court of which the administrator is complaining occurred in the admission of evidence.

Since she had admitted in her answer the receipt of this money from the old man, the burden was on Mrs. Fultz to account for the retention of it; therefore, she had to come forward with evidence to justify such retention to avoid a judgment against her. She did not offer to take the stand herself, but offered, and over the objection and exceptions of the plaintiff, was allowed by the court to read to the jury the interrogatories that had been propounded to her and her answers to them. The administrator had on that day filed a written motion to strike, from the answers made by Mrs. Fultz to the interrogatories, those parts which he contended were not responsive to them because they violated section 606 (2) of the Civil Code of Practice, as she was testifying for herself concerning a transaction and conversation with the plaintiff's intestate. The court overruled this motion, and the administrator excepted. Further, during the reading of these interrogatories and answers, when Mrs. Fultz reached her answer to No. 5 wherein she had detailed what the old man had said and done, and which she construed to amount to a gift to her by the old man of what he had, the administrator again objected, his objections were overruled and he excepted.

For Mrs. Fultz it is contended that, by virtue of the provisions of sections 140 and 141 of the Civil Code of Practice, she was not required to confine her answers to merely responding to the interrogatories, but that she had the right to state any fact she saw fit, and that she had a right to read these as a deposition. This contention makes it necessary to look at this case and examine this question in the light of some of our Civil Code of Practice provisions. This action was originally brought in equity, but on March 3, 1934, it was by agreement transferred to the ordinary docket, and it was on the ordinary docket at the time of the trial, hence the answers could only be read under those same circumstances that a deposition of Mrs. Fultz could be read. Those circumstances are set out in sections 554 and 608

of the Civil Code of Practice which have been interpreted to mean that a deposition of a witness who is present at the trial of a common-law action cannot be read as substantive evidence. Dailey v. Lexington & E. Ry. Co., 180 Ky. 668, 203 S. W. 569; Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S. W. 237. This was then a common-law action and Mrs. Fultz was then in the courtroom, and certainly there was no showing made that the reading in her behalf of these answers as a deposition was permissible by any of the provisions of section 554 of the Civil Code of Practice. So for that reason it was error to allow her to read them to the jury. See, also, Beem v. Farrell, 135 Iowa, 670, 113 N. W. 509; Maldaner v. Smith, 102 Wis. 30, 78 N. W. 140, where the trial court procedure had been similar to that of the trial court in this case.

### Mrs. Fultz as a Witness.

When plaintiff propounded the questions he did to Mrs. Fultz, he thereby waived her incompetency as a witness and made her competent to testify about any matters concerning which he had interrogated her, but no further.

Other fields not opened by the plaintiff remain closed as before, but as to any field of inquiry which plaintiff opened by his interrogation of her, she is a competent witness as to anything in that field, but not as to anything outside that field. See Luigart's Adm'x v. Luigart's Adm'r, 199 Ky. 98, 250 S. W. 796. While Mrs. Fultz might testify she had to do so in person, she could not read her answers to these interrogatories.

Mrs. Newberry should not have been allowed to testify to certain acts and conduct being agreeable to the testator, and the court should have allowed Hubert Nolty to testify to facts it is avowed he knew, but which he had not learned from his wife, and concerning which his wife had not testified.

We find no fault in the instructions given. Other questions not passed on are reserved.

For the error made in allowing Mrs. Fultz's answers to these interrogatories to be read, instead of taking the stand herself, this judgment is reversed, and the plaintiff is awarded a new trial. The whole court sitting.