## Phillips' Executor v. Reid.

(Decided April 27, 1937.)

318

GILBERT BURNETT and HENRY BEDINGER for appellant.

V. I. CARTWRIGHT and FRANK FAIRLEIGH for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

Leonard H. Tyler, executor of the will of John Phillips, deceased, instituted this action against Roy Reid alleging that on or about February 26, 1930, John Phillips lent the defendant the sum of $2,000 which the latter agreed to pay on demand with interest from such date; that no part of the principal or interest thereon had been paid and he prayed judgment accordingly.

By his original answer defendant made a general denial of the allegations of the petition, but by amended answer alleged that on or about March 1, 1930, he executed his promissory note to plaintiff's decedent for the sum of $2,000, such note being executed and delivered as evidence of the loan of $2,000 claimed in the petition; that on or about the maturity of the note decedent discharged him of any and all liability thereon and canceled the note by surrendering same to him under his promise and agreement to execute and deliver to Annie Phillips, wife of decedent, a new note for like amount, dated as of the maturity of the former note and payable —— days from date; that in accordance with such promise and agreement he did execute and deliver to Annie Phillips a note as above indicated; that Annie Phillips is his mother, and since the execution of the note her husband had died, and as defendant was informed and believed, the note was in possession of his mother.

By reply plaintiff denied the allegations of the amended answer but later by amended petition alleged that on or about February 26, 1930, decedent lent Roy Reid the sum of $2,000 and thereafter and on or about March 1, 1930, as evidencing such indebtedness, the defendant executed and delivered to John Phillips a promissory note for such sum with interest from date until paid; that none of the principal of the note or any interest thereon had ever been paid; that the note never came into the hands of the executor but was in the possession of the defendant and his attorney and the existence of the note and the possession of same by defendant and his attorney was not known and was not discovered by plaintiff until April, 1935, and he called upon defendant to produce and file same with his answer.

By answer to the amended petition defendant admitted the execution of the note evidencing the indebtedness as alleged in the amended petition, but denied that the note was payable 12 months after date with interest from date until paid, and denied that the note or any part thereof had not been paid. He admitted that the note never came into the hands of the executor, but denied that it was in his possession or in the possession of his attorney, and denied the existence of such note and alleged that he was unable to produce the note and that same was not in his possession or in the possession of his attorney because no such note existed.

By paragraph 2 of the answer, he alleged that on February 28, 1930, he executed a note to decedent in the sum of $2,000 payable four months after date with 7 per cent. interest thereon; that after the maturity of the note, decedent discharged him from any and all liability thereon and canceled same by surrendering the note to him upon his promise and agreement to execute and deliver to Annie Phillips a new note of like amount; that in accordance with such promise he did execute and deliver to Annie Phillips, wife of decedent, the new note as aforesaid and that such note was in the possession of Annie Phillips.

By reply plaintiff denied that the note executed by defendant to decedent was canceled and surrendered upon the promise and agreement alleged in the amended answer and denied that defendant executed and delivered to Annie Phillips the note as alleged therein.

By a second amended petition plaintiff withdrew

all allegations of the first amended petition with reference to the execution and delivery of the note by defendant to decedent and reiterated and adopted the allegations of his original petition; and by amended reply specifically denied the allegations of the amended answer with reference to the execution and delivery of the $2,000 note by defendant to decedent and the surrender and satisfaction of that note by the execution and delivery of a note to decedent's wife for like amount.

The cause was submitted to the court without the intervention of a jury and it was adjudged that plaintiff recover nothing by his petition and that defendant recover his costs. Plaintiff filed motion and grounds for new trial which were overruled, and he is appealing.

We deem it unnecessary to go into the history of the case concerning the condition and relationship of the parties and like proven circumstances from which inferences favoring the contentions of either party might naturally arise. It is contended by counsel for appellant that there is no competent evidence on which to base a finding for appellee and that the burden of proof was upon appellee. In his original answer appellee denied that decedent lent him $2,000, and if the pleadings and stopped there, unquestionably the burden of proof would have been upon appellant, but by subsequent pleadings appellee admitted that decedent lent him $2,000 for which he executed and delivered to decedent a note, but further pleaded that same was satisfied in the way and manner above indicated. It certainly requires no citation of authority to demonstrate that an admission of a debt accompanied by a plea of payment and satisfaction casts the burden upon the one making such plea. See section 526 of the Civil Code of Practice and cases thereunder cited. Appellee testified in his own behalf but offered no other witness or further evidence. He testified, in substance, that he had in his possession a note which he executed and delivered to John Phillips and filed same as an exhibit; that he also had in his possession a note executed to the wife of John Phillips which he also filed as an exhibit and further testified that the second note was executed to his mother, who was the wife of John Phillips, in consideration of the surrender of the original note. This evidence was all admitted over the objections of appellant.

Subsection 2 of section 606 of the Civil Code of Practice among other things provides that "* * * no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by * * * one who is * * * dead when the testimony is offered to be given." Necessarily as is at once apparent from a consideration of the evidence of appellee, it related to and concerned transactions with John Phillips, who was then dead.

In the case of Woods et al. v. White, 253 Ky. 263, 69 S. W. (2d) 349, the maker admitted the execution of a note but claimed credit for services rendered by the maker for the payee under an agreement to credit the note by the value of such services. It was held that the burden of proving the contract or agreement to credit the note by the value of the alleged services was upon the maker. The only evidence to establish the alleged agreement was that of the maker, and it was said in the opinion that the court properly sustained exceptions to that testimony because same was forbidden by the provisions of the Code. See, also, Ray's Ex'r v. Bridges, 247 Ky. 459, 57 S. W. (2d) 492; Black v. McCarley's Ex'r, 126 Ky. 825, 104 S. W. 987, 31 Ky. Law Rep. 1198; Vannatta v. Willett's Adm'r, 103 Ky. 354, 45 S. W. 85, 20 Ky. Law Rep. 59; Mullikin v. Mullikin, 23 S. W. 352, 25 S. W. 598, 15 Ky. Law Rep. 609.

It is quite manifest from the quoted excerpt of the Code as consistently construed by this court that the evidence of appellee comes within the prohibition thereof; and it is not claimed that it comes within the exception contained in that section of the Code.

However, it is the contention of counsel for appellee that the fact that the note was in possession of appellee created the prima facie presumption that the note had been paid and the trial judge so indicated in his opinion found in the transcript of the evidence. The general principle invoked by appellee is universally recognized and sustained by scores of cases from this jurisdiction and would apply if the suit had been upon a note that had been executed and delivered to John Phillips but had found its way into the possession of the maker, but it must not be overlooked that the suit is not upon the note; and it is specifically denied that the note referred to in appellee's pleading was delivered to John Phillips.

There is no evidence save that of appellee that it was delivered to or was ever in his possession, and appellee's evidence for the reasons above indicated was inadmissible.

We find no merit in the contention of appellee that appellant waived or was estopped to rely upon the quoted provision of the Code. The question of competency of the evidence of appellee in chief to which objections were made was not waived by cross-examination upon the same matters. It appears from the record that appellant took the deposition of appellee as on cross-examination. The deposition is not in the record and it is not shown whether it was filed or whether either party offered to read it. In the case of Coy v. Pursifull, 249 Ky. 57, 60 S. W. (2d) 93, it appears that plaintiff took the deposition of defendant as upon cross-examination and inquired of him concerning all issues made and then defendant's attorney examined him concerning the same matters, but in the examination went into much greater detail concerning some of them. It was argued on appeal that the evidence so developed by cross-examination was incompetent under subsection 2 of section 606 of the Code; but it was inindicated in the opinion that the competency of same was waived by plaintiff introducing and first examining him on the issues involved. But in Kentucky Utilities Company v. McCarty's Adm'r, 169 Ky. 38, 183 S. W. 237, it was held in circumstances similar in many respects to those in the present case that the taking of the depositions of a party as upon cross-examination did not waive the competency of the evidence of the party when introduced as a witness upon the trial. Since the deposition in the present case is only referred to in the evidence and it is not in the record or its contents disclosed, neither of the cases cited would authorize a holding that it constituted a waiver of the competency of appellee's evidence.

For the reasons indicated the judgment is reversed and cause remanded for a new trial and proceedings consistent with this opinion.