**MUTUAL LIFE INS. CO. v. GREEN et al.**
**No. 195.**

District Court, W. D. Kentucky,
at Louisville.

March 22, 1941.

As Amended on Rehearing April 19, 1941.

Frank M. Drake and Wm. A. Armstrong, both of Louisville, Ky., for Margaret Green and Mabel Green.

Woodward, Dawson & Hobson and Rollin Gibbs, all of Louisville, Ky., for Dora Green.

MILLER, District Judge.

This case is before the Court on the motion for a new trial filed by the defendants Margaret Green and Mabel Green.

The action was instituted by the plaintiff, the Mutual Life Insurance Company of New York, under the Interpleader Statute, Title 28 U.S.C.A. § 41(26), to determine which of the defendants were entitled to the proceeds in the total amount of $8,000 under policies issued by the plaintiff insuring the life of Rice Green. Immediately prior to July 6, 1940, the policies were payable to the defendant Dora Green, who was the wife of the insured. On July 6, 1940, following the service of summons upon him on the previous day in a divorce action filed by his wife, Rice Green executed changes of beneficiary from Dora Green to the defendants Margaret Green, his mother, and Mabel Green, his sister. These were executed upon forms furnished by the Insurance Company at its Louisville office on, a Saturday afternoon after the close of business and left by the insured with an agent of the Insurance Company to be forwarded to the home office in New York. The Company already had possession of the policies. On Sunday, July 7, 1940, Rice Green committed suicide. Margaret Green and Mabel Green claimed the proceeds by reason of this change of beneficiary which they, claimed was effective even though not endorsed on the policies at the time of the insured's death. Dora Green claimed the proceeds on the theory that the attempted change of beneficiary was not effective because (1) it had not been completed at the time of the insured's death, and (2) even if completed it was invalid due to lack of mental capacity on the part of Rice Green to make such a change. At the close of all the evidence the Court ruled as a matter of law from the undisputed facts that the change of beneficiary was legally effective if the insured was not of unsound mind at the time when the change was made. See Farley v. First National Bank, 250 Ky. 150, 61 S.W.2d 1059; Inter-Southern Life Insurance Co. v. Cochran, 259 Ky. 677, 83 S.W.2d 11; Pikeville National Bank & Trust Co. v. Shirley, 281 Ky. 158, 135 S.W.2d 431. The only question submitted to the jury was whether or not the insured Rice Green was of unsound mind on July 6, 1940, when he made the changes. The jury found a verdict for the defendant Dora Green, which in effect held that Rice Green was not of sound mind at that time when he attempted to make the changes in question.

Defendants' motion for a new trial complains of the Court's ruling in permitting Dora Green, wife of the insured, to testify in her own behalf concerning statements of and transactions with the decedent Rice Green. Section 631, Title 28 U.S.C.A., provides "the competency of a witness to testify in any civil action, suit, or proceeding in the courts of the United States shall be determined by the laws of the State or Territory in which the court is held." This section was modified to some extent by Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which, however liberalized the reception of evidence rather than restricting it. Dora Green was incompetent under Section 606, sub-section 2, of the Civil Code of Kentucky to testify in her own behalf as to these matters unless her incompetency was waived by some act on the part of the objecting defendants. Prior to the trial the defendants Margaret Green and Mabel Green took the deposition of Dora Green under Rule 26 of the Federal Rules of Civil Procedure. At the time of the trial the deposition had not been filed, but on motion of the defendant Dora Green the Court ordered it filed. See Rule 30 (f)(1). This deposition covered the various matters about which Dora Green testified in her own behalf. She claims that her incompetency as a witness was waived as to such matters covered by the deposition. The decisions of the Court of Appeals of Kentucky are at variance on this point. It was held in the following cases that the taking of a deposition of an adverse party for the purposes of discovery did not waive the incompetency of that person to testify for himself at the trial: Kentucky Utilities

Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237; Biehl v. Biehl's Adm'r'x, 263 Ky. 710, 93 S.W.2d 836; Phillips' Executor v. Reid, 268 Ky. 317, 104 S.W.2d 1093. The ruling in two of these cases seems to be based, in part at least, upon the fact that the depositions were not filed as part of the record, and there was no record evidence before the appellate court as to what matters were covered by the depositions. On the other hand, the following decisions in both common law and equitable actions sustain the ruling that the taking of a deposition of an incompetent witness by the adverse party waived the incompetency and he was properly permitted to testify. Weil & Bro. v. Silverstone, 6 Bush 698; Arnold v. Cocanaugher, 170 Ky. 712, 186 S.W. 488; Wilhelm v. Orlamuende's Adm'r'x, 228 Ky. 719, 15 S.W.2d 511; Coy v. Pursifull, 249 Ky. 57, 60 S.W.2d 93; McCoy v. Ferguson, 249 Ky. 334, 60 S.W.2d 931, 90 A.L.R. 891; Nolty's Adm'r v. Fultz, 261 Ky. 516, 88 S. W.2d 35; Nolty v. Fultz, 277 Ky. 49, 125 S.W.2d 749; Hull v. Simon, 278 Ky. 442, 128 S.W.2d 954.

■ Counsel for Margaret and Mabel Green contend that these cases do not change the rule laid down by Kentucky Utilities Co. v. McCarty's Adm'r, supra, notwithstanding the general language in each of them to that effect, because in these cases the deposition of the incompetent witness, taken originally as if on cross-examination, was actually used by the party taking it as evidence in support of his position. Counsel admits that if the deposition is so used the incompetency is waived, but insists that if it is not used the incompetency is not waived. The opinions referred to do not in each instance specifically say that the depositions were actually used. Counsel's deduction to that effect from the language used is no doubt correct in most instances, but may be erroneous in McCoy v. Ferguson, supra. In Nolty's Adm'r v. Fultz, supra, 261 Ky. 516, 88 S.W.2d 35; Id., 277 Ky. 49, 125 S.W.2d 749, the interrogatories were filed but not used. In any event, the general statement of the rule is apparently not based on any such distinction, even though it may exist. As said in McCoy v. Ferguson, supra [249 Ky. 334, 60 S.W.2d 934, 90 A.L.R. 891], after making a general statement of the law: "It must be regarded that the plaintiff waived the right to object to the testimony of McCoy as to those matters concerning which he was examined as upon cross-examination." The opinion does not

state that the deposition was used, although it may have been used. In Hull v. Simon, supra, the most recent case from the Court of Appeals on the subject, the deposition was taken as if upon cross-examination. It was no doubt filed, but it is not clear whether it was used or not. The Court apparently considered that immaterial in that it considered the question the same as presented in Nolty v. Fultz, supra, which ruling it cited with approval and followed. It appears to me that the deciding feature in the cases is whether or not the deposition was filed in the case and became available for use. When so taken and filed, it has in reality been used by the party taking it. He has used it for the purpose of obtaining all the information desired by him from a witness otherwise incompetent, who would not be required to give such information except by means of the deposition. Admissions against interest may have been secured. It has been used to help prepare the adversary's case, and often most effectively. It is available to be read to the jury whenever it is so desired by the party taking it to contradict any other witness on the opposing side, yet, if we accept counsel's contention, the witness's lips are sealed in Court although having been required to divulge everything out of Court. It does not seem fair to permit the adversary to cull from the deposition only those facts which are useful to him and to bar from the consideration of the jury those questions and answers which are unfavorable to him. The taking of the deposition is optional; no one is required to waive the incompetency of any witness either in whole or in part. If the option is exercised the facts disclosed should be available to both sides. The filing of the deposition would seem to be essential in order to determine from the record what matters were inquired into, inasmuch as with respect to such matters only is the incompetency waived. Both Biehl v. Biehl's Adm'x, supra, and Phillips' Executor v. Reid, supra, relied upon by counsel as supporting a different rule are distinguishable for that reason. Accordingly, we adhere to our ruling at the trial that in view of the taking and filing of the deposition of Dora Green by the objecting defendants her incompetency as a witness under Section 606, Sub-section 2, of the Civil Code of Practice was waived.

■■ It is also contended that the evidence in support of Dora Green's contention that Rice Green was of unsound mind

was insufficient to sustain the verdict and that the motion for a directed verdict in favor of Margaret and Mabel Green should have been sustained. Until recently "the scintilla rule" was the law in Kentucky with respect to jury trials, but this rule was changed by the Court of Appeals in the recent case of Nugent v. Nugent's Executor, 281 Ky. 263, 135 S.W.2d 877 where it was held that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but should direct a verdict for the defendant. Margaret and Mabel Green concede that there was a scintilla of evidence to support the contention of Dora Green, but that it was of the same character and weight as that considered in Nugent v. Nugent's Executor, supra, and was not sufficient to carry the case to the jury under the rule announced therein. In our opinion the evidence in the Nugent case and in the present case differs materially. In the Nugent case one doctor testified that in his opinion the testator did not have sufficient mental capacity to make a valid will. This doctor was not an attending physician and never saw the testator during his illness. He did consider the medical chart kept by the nurse. On the other hand, three well-known doctors who had each examined the testator personally shortly prior to his death testified that he had ample mental capacity to make a will. The Court felt that the testimony of the three examining physicians completely overcame the contrary testimony of the one doctor who had never even seen the patient. In the present case two doctors who had treated Rice Green personally and had had him under observation testified that he was mentally unbalanced and did not have sufficient mental capacity to understand the nature and effect of his act on July 6th. They eliminated alcoholism as its cause. On the other hand, two other doctors who had treated Rice Green and had him under observation described his condition as merely chronic alcoholism with no mental disability being observed. In the Court's opinion the testimony of the two doctors supporting the contention of Dora Green was more impressive than that of the doctors supporting the contention of Margaret Green and Mabel Green. There were numerous lay witnesses testifying for both sides who put before the jury many instances of irrational conduct on the part of the insured at various times, and many instances of entirely rational conduct on the part of the insured at other times. There is no question but that Rice Green was rational and sane at numerous times, as is stressed by counsel for Margaret and Mabel Green, but if we believe the evidence introduced by Dora Green it is also true that he was very irrational and even unbalanced at other times. This is particularly so if we consider the testimony of Dora Green herself, which testimony the Court has ruled competent hereinabove. The case of New York Life Insurance Co. v. Dean, 226 Ky. 597, 11 S.W.2d 417, relied upon by counsel for Margaret and Mabel Green, presented a different question than the one presented in this case. The question there was whether the insured, under the unusual rule existing in Kentucky in insurance suicide cases, was not only of unsound mind but of unsound mind to such an extent that he did not know he was committing suicide. The Court held that the evidence showed he knew he was committing suicide, although he might lack sufficient mental capacity to make a contract. In the Court's opinion the evidence was sufficient to sustain a verdict either way.

 Complaint is also made that the Court in instructing the jury used the language commonly used in the trial of civil cases in the courts of the State of Kentucky, namely, "if you believe from the evidence," you will find for the defendant, etc., instead of using the form of instruction heretofore used in Federal Courts to the effect that "if you believe from a preponderance of the evidence" you will find for the defendant, etc. The instruction was given in accordance with the state rule (Ragsdale v. Ezell, 99 Ky. 236, 35 S.W. 629, 1130, Louisville & N. R. Co. v. Allen's Adm'r, 174 Ky. 736, 748, 192 S.W. 863) by reason of the decision of the Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, which held that except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the State, regardless of whether it is declared by statute or by court decision of its highest court. No act of Congress requires that the jury determine its verdict according to

the preponderance rule. No rule contained in the New Federal Rules of Civil Procedure has been cited as requiring such an instruction. It is contended, however, that the preponderance rule is an essential element of the trial by jury in the Federal Courts which right is reserved to all litigants in the Federal Courts by the Seventh Amendment to the United States Constitution. We do not agree with that contention. The Supreme Court discussed the essential elements of a trial by jury in the case of Patton v. United States, 281 U.S. 276, 288, 50 S.Ct. 253, 254, 74 L.Ed. 854, 70 A.L.R. 263. It is there stated: "That it means a trial by jury as understood and applied at common law, and includes all of the essential elements as they were recognized in this country and England when the Constitution was adopted, is not open to question. Those elements were: (1) That the jury should consist of twelve men, neither more nor less; (2) that the trial should be in the presence and under the superintendence of a judge having power to instruct them as to the law and advise them in respect of the facts; and (3) that the verdict should be unanimous." See also 16 R.C.L., subject Jury, Paragraph 2. Incidental features of jury trials may differ in different courts, but so long as the substance of the common law right of trial by jury is preserved the constitutional right has not been transgressed. As was said in Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 55 S.Ct. 890, 891, 79 L. Ed. 1636: "The aim of the amendment, as this Court has held, is to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure, and particularly to retain the common-law distinction between the province of the court and that of the jury, whereby, in the absence of express or implied consent to the contrary, issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court." Since the requested instruction is not required by the United States Constitution, or by any act of Congress, we believe that the instruction which followed the state practice was the proper one under the ruling announced by Erie Railroad Co. v. Tompkins, supra.

Complaint is also made because of the Court's refusal to set aside the swearing of the jury and continue the trial to a later date following alleged objectional statements by counsel for Dora Green in his opening statement to the jury. These statements were to the effect that evidence would be introduced to show that Dora Green had supported her husband, Rice Green, for many years, bought his clothes, and had paid his bills. Upon objection to these remarks the Court instructed the jury that evidence pertaining to those facts was incompetent and would not be allowed to be introduced in evidence, and that the jury should disregard such statements by counsel. The motion to continue the trial to a later date before another jury was overruled. Counsel for Margaret Green and Mabel Green contend this statement was prejudicial in that the effect of it could not be eradicated from the jury's mind by even the strongest admonition of the Court. In some instances the Courts have so held. Borders v. Commonwealth, 252 Ky. 577, 67 S.W.2d 960; Dix v. Gross, 271 Ky. 231, 111 S.W.2d 673. In other instances it has been held that a proper admonition by the Court to the jury was sufficient. Huls v. Dalzell 252 Ky. 13, 66 S.W.2d 28; Brown McClain Transfer Co. v. Major's Adm'r, 251 Ky. 741, 65 S.W.2d 992; McGraw v. Ayers, 248 Ky. 166, 58 S.W.2d 378; Heil v. Seidel, 249 Ky. 314, 60 S.W.2d 626; Prudential Ins. Co. v. Downs, 251 Ky. 208, 64 S.W.2d 902; Louisville Trust Co. v. Heimbuecher, 252 Ky. 217, 66 S.W.2d 96. It would appear that it is a matter of degree addressed to the discretion of the trial judge. In the present case, other evidence, admittedly competent, brought to the attention of the jury the domestic relationship existing between the husband and wife. Under the circumstances I am of the opinion that the remarks complained of, taken in conjunction with the admonition of the Court at the time and the later instructions of the Court centering the attention of the jury upon the real issue in the case, were not prejudicial.

The motion for a new trial is overruled.